IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2002

## STATE OF TENNESSEE v. FRANKIE DONALD RELEFORD

**Appeal from the Criminal Court for Sullivan County**
**No. S44,141     R. Jerry Beck, Judge**

---

**No. E2002-00110-CCA-R3-CD**
**February 3, 2003**

---

The defendant, Frankie Donald Releford, appeals his effective eight-year sentence of incarceration. The Sullivan County Criminal Court sentenced him to confinement following his guilty pleas to possession of more than .5 grams of cocaine for resale, a Class B felony; possession of a handgun by a convicted felon, a Class E felony; possession of dihydrocodeinone, a Class A misdemeanor; possession of marijuana, a Class A misdemeanor; possession of drug paraphernalia, a Class A misdemeanor; and theft of property valued under $500, a Class A misdemeanor. The defendant contests the manner of service of his sentences, contending that the trial court erroneously denied him probation or an alternative sentence. We affirm the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Joseph F. Harrison, Blountville, Tennessee, for the appellant, Frankie Donald Releford.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arises from officers of the Kingsport Police Department executing a search warrant at the defendant's house on May 31, 2000. At the guilty plea hearing, the parties stipulated that the officers found "baggies" of white powder that the crime laboratory determined to be .5 grams of cocaine. They discovered several baggies of marijuana and dihydrocodeinone pills. Police also found drug paraphernalia, including a grinder, scales, a sifter, baggies, and a microwave containing cocaine residue, which had been used for converting powder cocaine to crack. They recovered several firearms from the defendant's home. Among these was a Calico M-950 pistol that had been

stolen during a September 1999 burglary. The defendant, who had been convicted of a federal felony drug offense, did not have the owner's permission to take the pistol.

The defendant pled guilty and received the agreed sentences of eight years as a Range I, standard offender for possession of more than .5 grams of cocaine for resale and four years as a Range III, persistent offender for possession of a handgun by a convicted felon. He received eleven-month-twenty-nine-day sentences for his misdemeanor convictions for possession of dihydrocodeinone, possession of marijuana, possession of drug paraphernalia, and theft of property valued under $500. All of the sentences are concurrent to each other and consecutive to his effective eleven-year sentence in case number S43896, involving convictions for felony destruction of evidence and possession of more than .5 grams of cocaine for resale. The trial court was to determine the manner of service of the sentences.

The probation report reflects that the forty-one-year-old defendant reported dropping out of high school after the tenth grade and getting his G.E.D. He also attended Barclay Career School in California but left to return to Kingsport. He has been married since 1993 and has three children and one step-child. The defendant reported being unemployed since 1998 and previously working at Auto Perfection and Murphy's Auto. The person preparing the report was not able to verify these jobs, finding no listing for Auto Perfection and learning from the owner of Murphy's Auto that the defendant had never worked there. The defendant reported first using alcohol at age fourteen and drinking occasionally. He said he began using marijuana at age thirteen or fourteen and cocaine at age twenty-seven. He said he had used one-half ounce of marijuana a week for the last twelve years and had smoked one gram of cocaine every two days for six or seven of the last fourteen years. He reported last using marijuana and cocaine on February 4, 2001. He said that he had previously received treatment for cocaine use while in prison and also in 1994 through 1995.

The probation report reflects that the defendant has numerous prior convictions, including a 1994 conviction for possession of cocaine with intent to distribute; 1982 convictions for automobile burglary, attempt to pass a forged instrument, escape, and forgery of up to $1000; and a 1981 conviction for passing forged checks. He has misdemeanor convictions for possession of marijuana, possession of drug paraphernalia, reckless endangerment, assault and battery, driving under the influence of an intoxicant, and three traffic offenses. He has been convicted of driving on a revoked license twice in 1992 and once in 1988. Additionally, following the preparation of the probation report, he received the above noted convictions in case number S43896. Along with the guilty pleas in the present case, the defendant pled guilty to three counts of failure to appear and was sentenced to concurrent six-year terms, which were suspended with probation being consecutive to the sentences in the present case.

At the probation hearing, the trial court noted that the defendant had few positive aspects to counter his extensive criminal record. It observed that the defendant had been given probation on previous occasions and had committed the present offenses while on bond in another case, which resulted in a felony conviction. As positive history, it found that the defendant had the support of his wife, noting that they held hands during their joint submission hearing in this case, and that the

defendant had obtained his G.E.D. It denied probation and all other sentencing alternatives due to the defendant's extensive prior record and the fact that he committed the present offenses while on bond.

The defendant contends that proper consideration of the sentencing principles weighs against incarceration in his case. He argues that confinement is not necessary to protect society because he is already facing an eleven-year prison sentence in case number S43896 and because most of his prior convictions are for nonviolent drug, property, and traffic offenses. He argues that an alternative sentence would not depreciate the seriousness of the offenses as he would not be free of state supervision until he was sixty-six years old. He asserts that the record is devoid of any evidence of the need to deter others in the community. Finally, he argues that he has not violated nor been revoked from probation in his previous cases. Thus, he contends that measures less restrictive than confinement have not been unsuccessful in the past. The state contends that the sentence of incarceration is supported by the record. We agree with the state.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation. Tenn. Code Ann. § 40-35-103(5).

Based upon our de novo review, we conclude that the trial court did not err in ordering the defendant to serve his eight-year sentence in incarceration. Initially, we note that the defendant was convicted of a Class B felony and, therefore, was not entitled to the presumption that he was a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). The defendant has eight prior felony convictions and committed the present offenses while he was on bond for two of these prior felonies. He has frequently received suspended sentences for prior convictions. Although the defendant points out that his probation has not been revoked in the past, the fact that

he has received probation on numerous occasions yet has continued to commit crimes demonstrates that the defendant does not possess a high potential for rehabilitation. We believe that ample evidence exists to support the trial court's sentence of confinement.

Based upon the foregoing and the record as a whole, we affirm the judgments of conviction.

_____
JOSEPH M. TIPTON, JUDGE